IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |  |
|---|---|---|
| **BIOTRONIK, INC.,** | | |
| | Petitioner, | No. 3:20-cv-00094-MO |
| v. | | |
| **RONALD FRY and DENOVO MEDICAL, INC.,** | | OPINION AND ORDER |
| | Respondents. | |

**MOSMAN, J.,**

Before me is Petitioner Biotronik, Inc.'s Motion for Attorney Fees and Costs [ECF 22]. I previously granted Biotronik's Amended Petition to Confirm Arbitration Award [ECF 9], and now Biotronik argues that it is entitled to those fees and costs incurred in obtaining a favorable judgment. For the reasons discussed below, I GRANT in part Biotronik's Motion [ECF 22].

## BACKGROUND

A brief reminder of this case's winding road is in order. A more-detailed rendition of the facts, which are not in dispute, can be found in my August 5 Opinion and Order [ECF 19]. Back in 2017, Respondents brought numerous claims against Biotronik in the United States District Court for the Northern District of California. Pursuant to the Asset Purchase and Sale Agreement ("APA"), a contract between the parties, Biotronik responded in part by filing an arbitration

claim in Portland, in which it sought a declaration that all of Respondents' claims in the federal-court lawsuit lacked merit. Respondents then filed counterclaims against Biotronik in the arbitration proceeding, including breach of contract and tortious interference.

After the dust of the arbitration proceedings settled, Biotronik owed Respondents $153,009. Todd A. Hanchett Decl. [ECF 11] Ex. F, at 3. Satisfied with this result (Respondents had sought over $4 million), and concerned Respondents would challenge it, Biotronik filed a petition in federal court to confirm the arbitration award. Am. Pet. to Confirm Arbitration Award [ECF 9] at 3–4; *see also* Hanchett Decl. [ECF 11] Ex. D. Sure enough, Respondents did challenge the award. *See* Cross-Pet. to Vacate Arbitration Award [ECF 12]. I granted Biotronik's petition and denied Respondents' cross-petition. Op. & Order [ECF 19].

Biotronik now seeks attorney fees and costs for the litigation that has occurred before me.

## DISCUSSION

Biotronik requests $30,917 in attorney fees and taxable costs of $400. It argues that it has a contractual right to fees and costs under ¶ 22 of the APA, which reads as follows:

> Dispute Resolution. Any and all disputes arising out of or relating in any way to this Agreement, shall be finally resolved by binding arbitration under the then current Commercial Arbitration Rules of the Arbitration Service of Portland (the 'ASP'), which rules are incorporated herein by reference. The place of arbitration shall be Portland, Oregon. **In the event an action of any type is brought to enforce this Agreement in a court of competent jurisdiction**, in arbitration or otherwise, including any action brought in connection with any bankruptcy proceeding, **or on appeal, the prevailing party shall be entitled to recover its reasonable attorney fees and costs from the non-prevailing party**, including any expert witness fees.

Hanchett Decl. [ECF 11] Ex. A, ¶ 22 (emphasis added). Alternatively, Biotronik argues that it is entitled to fees and costs because Respondents' arguments in federal court were frivolous and improper.

Respondents argue that Biotronik is not entitled to attorney fees under either theory. Alternatively, Respondents ask me to significantly reduce the award of attorney fees from the requested $30,917 to $2,625.

For the reasons below, I find that Biotronik is contractually entitled to attorney fees and costs, but I reduce the requested fee award—though not by as much as Respondents would like. Respondents do not challenge Biotronik's request for taxable costs of $400, see Bill of Costs [ECF 24], which I GRANT pursuant to Federal Rule of Civil Procedure 54(d)(1).

## I.  Biotronik's Entitlement to Attorney Fees

Generally, a prevailing party is not entitled to an award of attorney fees, but there are exceptions. For instance, a prevailing party may be entitled to an award under a statute or contract. *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1192 (9th Cir. 1996). Even absent a statutory or contractual right, a court may award attorney fees "if it finds that the losing party 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). Much of Respondents' opposition to Biotronik's request for fees revolves around the latter reason to award fees. But if I find a contractual right to fees, then how Respondents acted does not matter. And Respondents' two arguments against Biotronik's claimed contractual right to fees are unpersuasive in light of the APA's plain language.

First, Respondents argue that "Biotronik is not moving to compel [Respondents] to participate in arbitration and is not, therefore, seeking to enforce the arbitration provision." Resp't's Opp'n [ECF 26] at 1. But the plain language of the APA is not so limiting. Under the APA, the prevailing party is entitled to attorney fees when "an action of any type is brought to enforce this Agreement in a court of competent jurisdiction, in arbitration or otherwise,

including . . . on appeal." Hanchett Decl. [ECF 11] Ex. A, ¶ 22. As I noted in my prior ruling, there is no dispute that Biotronik brought an arbitration action to enforce the APA. Op. & Order [ECF 19] at 6. Biotronik then moved in federal court to confirm the result of that arbitration action. As the prevailing party in federal court, Biotronik is entitled to attorney fees under the plain language of the APA.

Second, Respondents argue that "Biotronik was not required to file a motion to confirm an arbitration award in which it is the Judgment Debtor; it could and should have simply paid the award." Resp't's Opp'n [ECF 26] at 1. I acknowledge the odd posture of this case: the arbitration panel found partially in favor of Respondents and as a result, Biotronik is the debtor. But given the stakes, Biotronik views arbitration as a relative success. Moreover, Biotronik claims it would not have moved to confirm the award in federal court had Respondents not indicated an intent to challenge it. Respondents do not dispute this alleged intent; in fact, they *did* challenge the award, albeit in a cross-petition. Although Biotronik did not have to file a petition to confirm, doing so was understandable given the circumstances. More importantly, doing so did not void the contractual language under which the prevailing party in an action to enforce the APA is entitled to attorney fees.

In sum, Biotronik is contractually entitled to attorney fees, and I need not determine whether Respondents acted in bad faith.

## II.    Biotronik's Requested Attorney Fees

Biotronik seeks attorney fees using the lodestar approach. Under this approach, "the court establishes a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). Biotronik's requested fees break down as follows:

| Name | Position | Rate | Hours | Total |
|---|---|---|---|---|
| Todd A. Hanchett | Partner | $540 | 21 | $11,340 |
| Alisha L. Kormondy | Associate | $300 | 53.9 | $16,170 |
| Emily C. Atmore | Associate | $290 | 7.5 | $2,175 |
| Sean Moore | Paralegal | $260 | 4 | $1,040 |
| | | | | **$30,725** |

*See* Todd A. Hanchett Decl. [ECF 23] at ¶ 5.[1] I address the hourly rates and hours worked in turn.

### A.    Hourly Rates

Biotronik, as the party seeking fees, must submit evidence supporting its claimed hourly rates. *Welch*, 480 F.3d at 945–46. "Declarations regarding the prevailing market rate in the relevant community suffice to establish a reasonable hourly rate." *Mardirossian v. Guardian Life Ins. Co. of Am.*, 457 F. Supp. 2d 1038, 1046 (C.D. Cal. 2006). "The relevant community is that in which the district court sits." *Id.* (citing *Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995)). Mr. Hanchett included as exhibits to his declaration excerpts of the Oregon State Bar 2017 Economic Survey ("OSB Survey") and Morones Survey of Commercial Litigation Fees ("Morones Survey"). Hanchett Decl. [ECF 23] Exs. B–C. Respondents do not challenge any of the claimed rates. For the reasons that follow, I adopt the rates for the three attorneys and reject the rate for the paralegal.

### 1.    Mr. Hanchett

Mr. Hanchett, a partner at Stoel Rives, has been admitted to practice law for more than 20 years. Hanchett Decl. [ECF 23] at ¶ 8. According to the OSB Survey, the average hourly rate for a Portland attorney with his years of experience is $394, and the 95th percentile rate is $525. *Id.*

---

[1] In his declaration, Mr. Hanchett listed $11,432 as the total for his work. But $540 multiplied by 21 hours is $11,340. Somewhat confusingly, using Mr. Hanchett's numbers, the sum is $30,817—$100 less than the $30,917 requested in Biotronik's brief. In any event, I will defer to my own calculations.

Ex. B, at 8. The 95th percentile hourly rate for a Portland attorney who practices in the area of defense-side civil litigation is $540. *Id.* Ex. B, at 10.

Mr. Hanchett's claimed hourly rate of $540 per hour is well above average for an attorney with his experience and is equal to the 95th percentile rate for lawyers practicing in his area of law. Mr. Hanchett supports his requested hourly rate by including two prior opinions from the District of Oregon in which similar rates for other partners at Stoel Rives were approved. *Id.* Ex. D, at 9–10, 27–28.

Before adopting Mr. Hanchett's requested rate, I would have preferred more evidence as to why he should be paid at $540 per hour. Respondents, however, fail to challenge his rate. And although his rate is above average, it does not deviate so far from the rates provided by the OSB Survey for me to reduce it sua sponte. I therefore adopt Mr. Hanchett's requested rate of $540.

### 2.    Ms. Kormondy and Ms. Atmore

Ms. Kormondy and Ms. Atmore are associates at Stoel Rives with three or fewer years of experience. Hanchett Decl. [ECF 23] at ¶¶ 9–10. According to the OSB Survey, the average hourly rate for a Portland attorney with their experience is $236; the 95th percentile rate is $305. *Id.* Ex. B, at 7. According to the Morones Survey, the average rate for an attorney with up to nine years of experience is $318. *Id.* Ex. C, at 2. For the same reasons I adopt Mr. Hanchett's requested rate, I adopt Ms. Kormondy's and Ms. Atmore's requested rate.

### 3.    Mr. Moore

Mr. Moore is a paralegal at Stoel Rives with over eight years of experience. Hanchett Decl. [ECF 23] at ¶ 11. His claimed hourly rate of $260 is entirely unsupported by the record. Biotronik, as the party seeking fees, has the burden to submit evidence supporting the claimed

rate. Without supporting evidence, I decline to award fees for Mr. Moore's work, and I subtract $1,040 from the award.

### B.    Hours Worked

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours . . . ." *Welch*, 480 F.3d at 945–46. Biotronik has provided a detailed description of all tasks performed in the federal-court portion of this matter. Hanchett Decl. [ECF 23] Ex. A.

Respondents fail to make any specific arguments as to why the requested hours are excessive. Instead, they make sweeping arguments that the federal-court litigation in this matter was "unnecessary and overreaching." Resp't's Opp'n [ECF 26] at 4. They ask me, with no legal argument, to limit any fees "to 5 hours of partner time." *Id.* at 5. They also provide a declaration with the unsupported conclusion that Biotronik requested fees, including "nearly $25,000 for a motion to confirm an arbitration award, . . . reflect far more time for the many attorneys listed than reasonably necessary." Patrick J. Richard Decl. [ECF 27] at ¶ 2.

As outlined above, Biotronik's decision to file a petition in federal court was understandable. And most of the litigation that took place before me was related to Respondents' cross-petition to vacate the arbitration award, which Biotronik spent a significant portion of time successfully combating. *See* Hanchett Decl. [ECF 23] Ex. A. I reject Respondents' unsubstantiated arguments.

//

//

//

//

**CONCLUSION**

I GRANT in part Biotronik's Motion for Attorney Fees and Costs [ECF 22]. The final

tally is reflected in the following chart:

| Name | Position | Rate | Hours | Total |
|------|----------|------|-------|-------|
| Todd A. Hanchett | Partner | $540 | 21 | $11,340 |
| Alisha L. Kormondy | Associate | $300 | 53.9 | $16,170 |
| Emily C. Atmore | Associate | $290 | 7.5 | $2,175 |
| | | | | **$29,685** |

Biotronik is awarded $29,685 in attorney fees. Biotronik is also awarded $400 in taxable costs,

as reflected in Bill of Costs [ECF 24].

IT IS SO ORDERED.

DATED this  1st  day of December, 2020.


*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge